UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>Petitioner,<br><br>v.<br><br>E. STONE,<br><br>Respondent. | No. 2:25-cv-0560 CKD P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

    Petitioner, an Amador County Jail prisoner proceeding pro se, has filed a third amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.

    Petitioner challenges ongoing Amador County criminal proceedings. Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" <u>Id.</u> at 46 (quoting <u>Fenner v. Boykin</u>, 271 U.S. 240, 243-44 (1926)).

/////

1

1  "The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)), cert. denied, 449 U.S. 1014 (1980).

Here, petitioner fails to point to anything suggesting he is experiencing extraordinary circumstances creating a threat of irreparable injury in his Amador County criminal action. Therefore, the court will recommend that petitioner's third amended petition for a writ of habeas corpus be dismissed and this case be closed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's third amended petition for a writ of habeas corpus (ECF No. 11) be summarily dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it

2

debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 31, 2025

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
barn0560.sd(2)